UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANDRE DIGGS,

                                    Plaintiff,

                - against -

MAYOR DEBLASIO, CYNTHIA BRANN,
WARDEN MATTHEWS, CITY OF NEW
YORK, and CAPTAIN BOWSER-WILLIAMS
(under color of state law individually and in
their official capacities),

                                    Defendants.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-3311 (PKC) (LB)

On June 25, 2019, Plaintiff Andre Diggs, currently incarcerated at the Brooklyn Detention

Complex, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983.  The Court grants Plaintiff's

request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  For the reasons discussed

below, Plaintiff's claims are dismissed for failure to state a claim upon which relief may be granted,

but he is granted leave to amend his complaint within 30 days.

**BACKGROUND**

In his complaint, Plaintiff alleges that he was denied religious meals during Ramadan.[1]

(*See generally* Complaint, Dkt. 1.)  Specifically, Plaintiff alleges that in May 2019, while detained

at the Brooklyn Detention Complex, he was denied his suhoor meal, which is the pre-dawn meal

consumed during Ramadan.  (*Id.* ¶ 13; *see also id.* ¶¶ 15–19.)  Specifically, Plaintiff alleges that

---

[1] The facts set forth in this section are based on the allegations in the complaint, which the
Court accepts, as it must, as true for the purposes of this Order.  *See Lawrence v. Suffolk Cty.
Police Dep't*, No. 13-CV-2357 (JS) (WDW), 2013 WL 3364344, at *1 (E.D.N.Y. June 28, 2013)
(noting that "in reviewing a *pro se* case for *sua sponte* dismissal, a court should assume that all
allegations contained in the complaint are true") (citing *Malcolm v. Honeoye Falls Lima Cent. Sch.
Dist.*, 517 F. App'x 11, 12 (2d Cir. 2013) (summary order)).

1

he was denied this meal three times. (*Id.* ¶¶ 15–19 (alleging that he was denied his suhoor meal on the nights of May 8, May 9, and May 10).) On May 11 and May 15, Plaintiff filed grievances with the Department of Correction regarding the denial of his religious meal. (*Id.* ¶ 13.) On May 21, his grievance was resolved in his favor and Plaintiff began to receive his suhoor meal. (*Id.*) Plaintiff seeks injunctive relief and monetary damages. (*Id.* ¶¶ 20–22.)

## LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the PLRA, *sua sponte* dismissals of frivolous prisoner complaints are not only permitted but mandatory).

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

At the same time, "document[s] filed *pro se* [are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). "Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law." *McCrary v. Cty. of Nassau*, 493 F. Supp. 2d 581, 584 (E.D.N.Y. 2007) (citing *Faretta v. California*, 422 U.S. 806, 834 n.36 (1975)). "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007) (quotations, brackets, and citation omitted).

## DISCUSSION

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted); *see also Flynn v. James*, 513 F. App'x 37, 39 (2d Cir. 2013) (summary order). Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell*, 13 F.3d at 547. Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985)).

## I.    Claim Against the City of New York

"[A] municipality [such as the City of New York] can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012)

(citations omitted); *see also Monell v. Dep't of Social Services of N.Y.C*, 436 U.S. 658, 690–91 (1978). A claim of municipal liability requires that the plaintiff "make factual allegations that support a plausible inference that the constitutional violations took place pursuant to [a municipal policy or custom]." *Missel v. County of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) (summary order); *see also Biswas v. City of New York*, 973 F. Supp. 2d 504, 536 (S.D.N.Y. 2013) ("[F]or § 1983 claims, municipalities are not subject to liability under a theory of *respondeat superior*, but rather on the basis that their policies or customs inflicted the alleged injuries under the *Monell* doctrine."). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations omitted).

Though Plaintiff names the City of New York as a Defendant, he makes no factual allegations against the City. *See Treadwell v. Cty. of Putnam*, No. 14-CV-10137 (KMK), 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016) (holding that the plaintiff failed to sufficiently state a *Monell* claim where the complaint lacked "any specific allegations that could lead to the inference that an official [municipal] policy, practice, or custom caused [the] [p]laintiff's alleged constitutional injuries" but instead merely "detail[ed] an isolated series of incidents"). Therefore, Plaintiff's claim against the City of New York is dismissed. *See* 28 U.S.C. § 1915A.

## II. Claims Against Defendants Mayor Bill de Blasio, Commissioner Cynthia Brann, and Warden Matthews

"[I]n order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation." *Lawrence*, 2013 WL 3364344, at *3 (citing *Farid v. Elle*, 593 F.3d 233, 249 (2d Cir. 2010)). Plaintiff names Mayor Bill de Blasio, Commissioner of the Department of Corrections Cynthia Brann, and Warden Matthews as Defendants in this action. However, Plaintiff fails to

plead any facts to show that these defendants had any personal involvement in the alleged violations asserted in his complaint. *See Raspardo v. Carlone*, 770 F.3d 97, 115–16 (2d Cir. 2014) ("If a defendant has not *personally* violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against the defendant."); *Gray-Davis v. Rigby*, No. 14-CV-1490, 2016 WL 1298131, at *5 (N.D.N.Y. Mar. 31, 2016) ("A defendant is 'personally involved' if he 'directly participated in the [allegedly unconstitutional] infraction.'") (quoting *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986)). Furthermore, a plaintiff cannot recover against a defendant under § 1983 solely on a theory of vicarious liability or *respondeat superior. See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*.").

Accordingly, Plaintiff's claims against Defendants Mayor Bill de Blasio, Commissioner Cynthia Brann, and Warden Matthews are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

### III.    Claim against Captain Bowser-Williams

Defendant Captain Bowser-Williams is the only Defendant whose name appears in the body of Plaintiff's complaint. (*See* Complaint, Dkt. 1, at ECF[2] 26.) However, even liberally construing Plaintiff's complaint, the Court does not find that Plaintiff's allegations regarding Captain Bowser-Williams are sufficient to allege violations of Plaintiff's religious exercise

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42

U.S.C. §§ 2000cc, *et seq.*, and the First Amendment. *See Jova v. Smith*, 582 F.3d 410, 415 (2d

Cir. 2009) ("RLUIPA protects inmates by providing that a government shall not impose a

substantial burden on the religious exercise of inmates in certain institutions unless the government

shows that the burden furthers a compelling governmental interest by the least restrictive means.")

(internal quotations and citation omitted); *see also id.* ("As a general matter, the RLUIPA imposes

duties on prison officials that exceed those imposed by the First Amendment.") (citing *Cutter v.*

*Wilkinson*, 544 U.S. 709, 714–16 (2005)).

Though Plaintiff's allegations that he was denied his suhoor meal three times is sufficient

to state a claim at this stage, *see Williams v. Does*, 639 F. App'x 55, 56–57 (2d Cir. 2016)

(summary order),[3] Plaintiff does not actually name as a defendant the prison official who allegedly

violated Plaintiff's rights (*see* Complaint, Dkt. 1, at ECF 18 (noting that after asking why he was

denied his suhoor meal, Plaintiff was told that he "was taken off the [l]ist by the C.O. on duty");

*see also id.* at ECF 1 (not naming a C.O. or any John Doe Defendant in the complaint's caption).)

Plaintiff only names Captain Bowser-Williams, but, according to Plaintiff's own allegations,

Captain Bowser-Williams was the prison official who corrected, rather than caused, the problem.

---

[3] In *Williams v. Does,* the Second Circuit vacated a district court's dismissal of a prisoner's religious exercise claim based on reasoning that the prisoner's "burden was *de minimis* because only a few of his meals were delivered prematurely." 639 F. App'x at 57. It noted that the district court's reasoning was "inconsistent with this Court's case law, which cautions against the danger that courts will make conclusory judgments about the unimportance of the religious practice to the adherent." *Id.* (internal quotations and citations omitted). In *Williams*, the prisoner alleged that his "premature sunset meals forced him to either forego his meal or break his fast; he characterized fasting for Ramadan as important to his practice of Islam and stated that eating before sunset was a grave spiritual sin that canceled the validity of fasting." *Id.* (internal quotations omitted). Plaintiff makes similar allegations in the instant case. (Complaint, Dkt. 1, at ECF 14 ("By me not being on certain [l]ist I am being left to starve[,] . . . either I starve or I can't practice my religion and fast for the holy month of "Ramadan[,]" [w]hich is depriving me of my first amendment right to properly practice my [r]eligious [f]reedom.").)

(*See* Complaint, Dkt. 1, at ECF 26 (noting that "Captain Bowser stated that [Plaintiff's] name was added to the [suhoor] list and [Plaintiff] will now receive your su-hoor [*sic*] bag until the end of Ramadan").) As discussed *supra*, "in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional *deprivation*." *Lawrence*, 2013 WL 3364344, at *3 (emphasis added). Accordingly, Plaintiff's religious freedom claims against Defendant Captain Bowser-Williams are dismissed. *See* 28 U.S.C. § 1915A.

## CONCLUSION

For the reasons stated, Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Because the Second Circuit has made clear that district courts "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), the Court grants Plaintiff thirty (30) days to file an amended complaint. If Plaintiff has a genuine basis to believe that a prison official or officials violated Plaintiff's constitutional rights by denying him his suhoor meal, then he should include facts that would support this belief and name those official(s) as Defendant(s) in his amended complaint. If Plaintiff does not know the name of the officers he believes to have violated his rights, he should name the Defendant(s) as "John Doe(s)" and provide as much identifying information as possible. Plaintiff is advised that the amended complaint will completely replace the complaint, must be captioned "Amended Complaint," and shall bear the same docket number as this Memorandum and Order. All further proceedings shall

7

be stayed for 30 days or until further Order of the Court. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action.

SO ORDERED.

/s/ Pamela K. Chen

Pamela K. Chen
United States District Judge

Dated: July 18, 2019
Brooklyn, New York